AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

## OFFENSE CHARGED

18 U.S.C. § 1957 - Money Laundering

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  Not more than 10 years imprisonment;
Not more than $250,000 fine;
Not more than 3 years Supervised Release; and
$100 Special Assessment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED
AUG 14 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### DEFENDANT - U.S
▶ SHAUN W. BRIDGES

DISTRICT COURT NUMBER

CR17    0448

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    WILLIAM FRENTZEN

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☒ On another conviction  } ☒ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

Bail Amount: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney

2

3  ANNALOU TIROL
   Acting Chief, Public Integrity Section

4

5

6

7

8

9

10

11

12

13

**FILED**

AUG 14 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**CR17   0448**

**SI**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. |
| v. | **INFORMATION** |
| SHAUN W. BRIDGES, | VIOLATIONS – |
| Defendant. | 18 U.S.C. § 1957 – Money Laundering; § 982(a)(1) – Forfeiture. |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INFORMATION

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

  1.     Defendant SHAUN W. BRIDGES (hereafter "BRIDGES") was a Special Agent with the United States Secret Service (hereafter "USSS") assigned to the Baltimore Silk Road Task Force.

2.      Silk Road was a website where illegal goods were posted for sale, including narcotics. Silk Road was only accessible through The Onion Router, or "TOR," network, a network designed to conceal the true IP addresses of computers on the network and the users' identities. The only accepted form of payment on Silk Road was Bitcoin.

3.      Bitcoin was a form of digital currency that existed online. The value of Bitcoin fluctuated widely from 2013 up to the present.

4.      The Baltimore Silk Road Task Force was a task force formed jointly by several different federal law enforcement agencies, including USSS, designed to investigate and apprehend vendors, buyers, administrators, and the manager of Silk Road, including the head of Silk Road, R.U., a/k/a "Dread Pirate Roberts," a/k/a "DPR" (hereafter "R.U.").

5.      BRIDGES was assigned to, among other responsibilities, forensic computer investigations in an effort to locate, identify, and prosecute targets of the Baltimore Silk Road Task Force, including R.U., and other vendors, buyers, and administrators on Silk Road. Among BRIDGES' responsibilities as a Special Agent with USSS, he served as an affiant on warrants to seize assets, including digital currency.

6.      Carl M. Force, IV, (hereafter "Force") was a Special Agent with the Drug Enforcement Administration. Force was assigned to the Baltimore Silk Road Task Force. Force was assigned to act in an undercover capacity in an effort to locate, identify, and prosecute targets of the Baltimore Silk Road Task Force, including R.U., and other vendors, buyers, and administrators on Silk Road.

7.      On or about January 25, 2013, BRIDGES accessed Silk Road through a computer utilizing access obtained from an administrator on Silk Road. BRIDGES reset passwords and pins of various accounts on Silk Road and moved bitcoin from those accounts into a wallet that BRIDGES controlled. In this manner, BRIDGES fraudulently moved and stole approximately 20,000 bitcoin from Silk Road and Silk Road accounts. On or about January 26, 2013, BRIDGES moved those stolen bitcoin into an account at Mt. Gox, an online digital currency exchange based in Japan. On or about February 22, 2013, BRIDGES opened a personal investment account at Fidelity. On or between March

2

CRIMINAL INFORMATION
CR _____

6, 2013, and May 7, 2013, BRIDGES laundered bitcoin in the Mt. Gox account, proceeds of the Silk Road fraud, into U.S. Currency and transferred the U.S. Currency into his Fidelity account.

8.     In November of 2014, as part of his duties as a Special Agent with USSS, BRIDGES worked with the United States Attorney's Office in Baltimore, Maryland, to obtain a seizure warrant for bitcoin held by a digital currency exchange called Bitstamp. The seizure warrant authorized seizure of, among other things, approximately 1606.6488 bitcoin in various accounts at Bitstamp. The stated basis of the seizure warrant was that the account owners had not provided basic account holder information such as name, address, and phone number. BRIDGES swore to the accuracy of the warrant as the affiant. The warrant was executed on or about November 18, 2014.

9.     In order to execute the warrant, in compliance with the warrant, and at BRIDGES' direction, Bitstamp sent the seized funds to an online digital wallet created by BRIDGES. Only BRIDGES had the private key to access the funds in the digital wallet.

10.     Among the accounts seized from Bitstamp, was an account owned and controlled by Force, that held bitcoin obtained from Force's illegal activities while investigating Silk Road.

11.     On or about March 18, 2015, USSS placed BRIDGES on administrative leave. On or about March 18, 2015, BRIDGES resigned from USSS. When BRIDGES left USSS, he retained the private key to access the funds that he had seized from Bitstamp. On or about March 25, 2015, BRIDGES was charged with criminal activity in the Northern District of California for his thefts from Silk Road. On or about June 15, 2015, BRIDGES signed an agreement with the United States Attorney's Office, Northern District of California, to plead guilty to money laundering and obstruction of justice stemming from the thefts from Silk Road.

12.     On or about July 28, 2015, while on release from the pending case in the Northern District of California, BRIDGES caused transfer of the approximately 1606.6488 seized Bitstamp funds in the online wallet that belonged to the United States government into a separate online account at BTC-E controlled by BRIDGES. BTC-E is an online digital currency exchange.

3

CRIMINAL INFORMATION
CR _____

13.     Between July 28, 2015 and before going into custody, BRIDGES laundered the funds stolen from the United States government by moving the funds out of the BTC-E account and into other various online wallets and accounts.

COUNT ONE: (18 U.S.C. § 1957 – Money Laundering)

<u>THE MONEY LAUNDERING CHARGE</u>

14.     The allegations set forth in paragraphs 1 through 13 are hereby incorporated herein by reference as if set forth fully herein.

15.     On or between July 28, 2015 and on or about November 15, 2015, in the Northern District of California and elsewhere, the defendant,

SHAUN W. BRIDGES,

did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal, transfer, and exchange of monetary instruments, such property having been derived from a specified unlawful activity, that is, theft of government property, in violation of Title 18, United States Code, Section 641:

| Date | Amount | Description of Monetary Transaction |
|---|---|---|
| 8/3/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "rbfe" |
| 8/4/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "rbfe" |
| 8/5/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "rbfe" |
| 8/6/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "rbfe" |
| 8/8/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "rbfe" |
| 8/10/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "rbfe" |
| 8/11/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "rbfe" |
| 8/12/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "sxzT" |
| 9/15/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "dWe9" |

4

CRIMINAL INFORMATION
CR _____

| 9/16/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "dWe9" |
| 9/17/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "Dgxi" |
| 9/18/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "WeMd" |
| 9/19/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "GAUo" |
| 9/20/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "GAUo" |
| 9/21/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "NNbC" |
| 9/23/15 | 100 BTC | Withdrawal from BTC-E account to online digital wallet "H2o7" |
| 9/24/15 | 6.6497 BTC | Withdrawal from BTC-E account to online digital wallet "4acr" |
| 11/16/15 | 605 BTC | Deposit from multiple accounts into account "suK7"at exchange Bitfinex |
| Unknown | 1037 BTC | Deposit into hardware wallet |

All done in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATIONS:      (18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture)

Upon conviction of the offense alleged in Count One of the Information, the defendant,

SHAUN W. BRIDGES,

shall forfeit to the United States, pursuant to 18 U.S.C § 982(a)(1), any property, real or personal, involved in any such offense, or any property traceable to such property, including but not limited to the following: a money judgment equivalent to the amount of property involved in the violation of 18 U.S.C § 1957:

a.      Any interest in, security of, claim against, or property or contractual rights of any kind in the goods or tangible items that were the subject of the violation;

b.      Any interest in, security of, claim against, or property or contractual rights of any kind in tangible property that was used in the export or attempt to export that was the subject of the violation; and

c.      Any property constituting, or derived from, any proceed obtained directly or indirectly as a result of the violation; and

5

CRIMINAL INFORMATION
CR _____

1        d.     Any property, real or personal, which constitutes or is derived from proceeds traceable to

2    the violation.

3            If any of the property described above, as a result of any act or omission of the defendant:

4               (a)  cannot be located upon the exercise of due diligence;

5               (b)  has been transferred or sold to, or deposited with, a third party;

6               (c)  has been placed beyond the jurisdiction of the court;

7               (d)  has been substantially diminished in value; or

8               (e)  has been commingled with other property which cannot be divided without difficulty;

9    the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. §

10   853(p), incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

11   BRIAN J. STRETCH
     United States Attorney

12

13

14   BARBARA J. VALLIERE
     Chief, Criminal Division

15

16   ANNALOU TIROL
     Acting Chief, Public Integrity Section

17

18   (Approved as to form:                          )
                       AUSA WILLIAM FRENTZEN

19                          AUSA DAVID COUNTRYMAN
                       TRIAL ATTORNEY RICHARD EVANS

20

21

22

23

24

25

26

27

28

6

CRIMINAL INFORMATION
CR _____