BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CABN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7303
    FAX: (415) 436-7234
    Email: david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 17-0448 RS |
| Plaintiff, | **APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE** |
| v. | |
| SHAUN W. BRIDGES, | |
| Defendant. | |

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits this Application of the United States for Issuance of a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

On August 14, 2017, defendant Shaun Bridges was charged by an Information with violation of 18 U.S.C. 1957 – Money Laundering. The Information also provided notice to the defendant that the government would seek criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1).

On August 15, 2017, defendant Shaun Bridges pled guilty to Count One of the captioned Information, in violation of 18 U.S.C. § 1957 and agreed to forfeit the following property:

    a.    1,037.0670306 bitcoin seized on December 8, 2016, from the following bitcoin wallets:

APPLICATION FOR PRELIM ORDER OF FORFEITURE
CR 17-0448 RS                                                           1

1           i.        1Q1vZck4AqV5xJLxh8n9uUvVLteRzTyzmf

2           ii.       1P3ETyRmDUnr1qyxqzu3mUbvsvMx65GJFW

3           iii.      1PWuF67kvf7BEgmW9d7fZWRgANvw9FskkR

4           iv.      18zpM6oCEjPgntN2tpYu7LmrPfTX4cdUUG

5           v.       1NWhnnjWLzRDq1NXxum7TkPa4UrtvhN6JU

6           vi.      15Bc9Xj3GrVGAPjYTq3G5G4CVGyHJwde1i

7           vii.     1AJKHg4nWXJzsEmi5Z7ZWHhXJrjzjosiDP

8           viii.    1NMUCEyVYnUVxkwavVJRcBFY6wD4MXNAg4

9           ix.      1H45HStWnDgBY6gaUzsNrrNnUdnVPahxUj

10           x.       19hncbBs19X5gTq5FkLH6TrhkkyZ5QDBfh

b.    384.5582652 bitcoin seized pursuant to a seizure warrant,

c.    $3,569.28 in fiat currency seized from Bitfinex account, and

d.    approximately 40 bitcoin seized while an agent with USSS.

(hereinafter "subject property")

The defendant further admitted that the subject property constitutes money involved in money laundering and/or proceeds from obstruction of justice or wire fraud, and thus is forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(A), 18 U.S.C. § 982(a)(1); 28 U.S.C. § 2461(c) and/or the procedures outlined in Rule 32.2 of the Federal Rules and Criminal Procedure and 21 U.S.C. § 853.

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the

verdict or finding of guilt.

Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Rule 32.2(b)(3) provides that the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statues governing third-party rights.

Rule 32.2(b)(4) further provides that at sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.  The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

Pursuant to his plea agreement, the United States has established the requisite nexus between the subject property and the offense to which the defendant pled guilty.  Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), 18 U.S.C. § 982(a)(1); 28 U.S.C. § 2461(c) and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853.

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or Maritime Claims and Asset Forfeiture Actions, the United States will publish on www.forfeiture.gov, a government website for at least thirty days, notice of this Order, notice of its intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on David Countryman, Assistant United States Attorney, 450 Golden Gate Ave., Box 36055, San Francisco, California 94102, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the

petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture which provides for the following:

a.  authorizes the forfeiture of the subject property to the United States;

b.  directs the United States, through its appropriate agency, to seize the forfeited property forthwith;

c.  authorizes the government to conduct discovery in order to identify, locate or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

d.  directs the United States to publish on a government website for at least thirty days, notice of this Order, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct and provide notice that any person, other than the defendants, having or claiming a legal interest in the subject property must file a petition with the Court and serve a copy on government counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier; and

e.  the Court to retain jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: 11/01/17                                              Respectfully submitted,

BRIAN J. STRETCH
United States Attorney


_____/S/_____
DAVID B. COUNTRYMAN
Assistant United States Attorney


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she caused a copy of the following documents:

- **APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE; and**

- **[PROPOSED] PRELIMINARY ORDER OF FORFEITURE**

to be served this date by the Court's Electronic Case Filing system upon the person(s) below at the place and address which is the last known address:

| |
|---|
| Laurel Headley, Esq<br>Arguedas, Cassman & Headley LLP<br>803 Hearst Avenue<br>Berkeley, CA 94710 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this _1st_ day of November, 2017, at San Francisco, California.

_____/S/_____
CAROLYN JUSAY
FSA Paralegal/Asset Forfeiture Unit